## COUNTY OF PROVIDENCE, SEPTEMBER TERM, 1859, AT PROVIDENCE.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, }
Hon. ALFRED BOSWORTH,  } Justices.

---

JOHN O'DONNELL *v.* THE PROVIDENCE AND WORCESTER
RAILROAD COMPANY.

The fourth section of the "act in relation to railroads," (Dig. 1844, pp. 338, 339,) giving
an action to any one injured by the neglect of a railroad company to ring the bell upon
their locomotive engine for the distance, at least, of eighty rods from the place where
the railroad crosses any turnpike, highway, or public way, upon the same level with
the railroad, and to keep the same ringing until the engine shall have crossed such turn-
pike or road, was exclusively designed for the benefit of persons crossing the turnpike,
highway, or public way on a level with the railroad; and hence, a person who is in-
jured by the engine, whilst he is walking along the track of the railroad and not at any
crossing, cannot recover damages against the railroad company for such injury, upon
the ground that the injury was caused by their neglect to ring the bell upon their loco-
motive, as required by the statute.

THIS was an action of the case, brought against the defend-
ants, a railroad corporation, under the third section of the " act
in relation to railroads," found in the Digest of 1844, pp. 338,
339.

The declaration, which contained two counts, in substance alleged, that the defendants, on the 25th day of April, 1857, unreasonably neglected and refused to ring, or cause to be rung, any bell upon their locomotive engine, whilst the same was passing upon their railroad, within the distance of eighty rods from the place where said railroad crosses a certain public way, to wit: Webster street, in the city of Providence, at the same level with said road, and unreasonably neglected and refused to keep said bell ringing until said engine had crossed said public way; by reason whereof, to wit: of said neglect and refusal of said defendants, the plaintiff was thrown down by said engine, and run over, and greatly injured, and his leg broken, and he was otherwise greatly injured, so that he was compelled to have his leg amputated, and his life was despaired of, and he was put to large expense in curing said injuries, &c.

Plea, the general issue.

The act under which the action was brought was, so far as applicable to it, as follows:

" Sect. 1. Every railroad company incorporated under the authority of this state shall cause a bell of at least thirty-two pounds in weight to be placed on each locomotive engine passing upon their road; and the said bell shall be rung at the distance of at least eighty rods from the place where said railroad crosses any turnpike, highway, or public way upon the same level with the railroad, and shall be kept ringing until the engine has crossed such turnpike or road.

" Sect. 2. Every such railroad company shall cause boards to be placed, well supported by posts or otherwise, and constantly maintained, across each turnpike, highway, or public way, where it is crossed by the railroad upon the same level therewith; the said posts and boards to be of such height as shall be easily seen by travellers, without obstructing the travel; and on each side of said boards the following inscription shall be painted in capital letters, of at least the size of nine inches each, ' Railroad Crossing — Look out for the Engine while the Bell rings.'

" Sect. 3. If any railroad company shall unreasonably neglect or refuse to comply with the requisitions contained in this act,

they shall forfeit for every such neglect or refusal a sum not exceeding one thousand dollars; to be recovered in an action of debt before any court proper to try the same; one half thereof to and for the use of the state, and the other half to and for the use of the person who shall sue for the same. And the said railroad company shall also be liable for all damages sustained by any person by reason of such neglect or refusal on the part of the company."

At the trial of the case before the chief justice, with a jury, at the September term of this court, 1858, it appearing, from the evidence of the plaintiff himself, that at the time of the injury complained of, the plaintiff was walking upon the track of the defendants' railroad, and was not at any place where the railroad crossed any turnpike, highway, or public way, upon the same level with the railroad; and the proof on both sides, as to the cause of the injury, being directed exclusively to the question whether the bell of the locomotive engine which struck down the plaintiff was rung or not, the defendants requested the judge to instruct the jury, that the plaintiff had not proved his case, and that upon the facts, as proved, the defendants were entitled to a verdict.

This instruction, however, the judge refused to give; but instructed the jury, *pro forma*, that if they were satisfied, as the fair result of the whole testimony, that the defendants neglected to ring their bell as alleged in the declaration, and that in consequence of such neglect the plaintiff was injured, they should find a verdict in his favor, without reference to the place where he was, or whether he was or was not lawfully there.

Under these instructions, the jury having returned a verdict for the plaintiff for $1,500 damages, the defendants now moved for a new trial, upon the ground of error in law in said instructions. Another ground for new trial taken by the defendants, was, that the verdict was against the weight of the evidence; but as the court did not consider this ground, it is unnecessary to detail the state of the evidence upon which the motion, in this respect, was founded.

*Payne*, for the motion.

*Parkhurst*, against it.

BRAYTON, J. The plaintiff does not allege that the defendants conducted the engine carelessly and negligently, and that by reason of such carelessness and negligence, the plaintiff was knocked down and injured, but in the language of the statute, that the defendants unreasonably neglected and refused to ring any bell upon a locomotive engine of theirs passing upon their railroad, at the distance of eighty rods from the place where said railroad crossed certain public highway upon the same level with the railroad, &c., by reason whereof the plaintiff was thrown down and injured.

If the defendants have violated any duty owing from them to the plaintiff, and by means or in consequence of that violation the plaintiff has suffered injury, he has a right to compensation and damages at the hands of the defendants for such injury. In the language of the books, an action lies against him who neglects to do that which by law he ought to do, (1 Vent. 265; 1 Salk. 335,) and that, whether the duty be one existing at common law, or be one imposed by statute. In order, however, to a recovery, it is not sufficient that some duty or obligation should have been neglected by the defendants, but it must have been a neglect of some duty or obligation to him who claims damages for the neglect. In 1 Comyns's Digest, Action upon Statute, F, it is said, " In every case where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of the wrong done to him contrary to said law," confining the remedy to such things as are enacted for the benefit of the person suing.

The obligation resting upon adjoining owners of lands to maintain portions of the partition fences between them is put as an example; whether the duty be one arising from prescription, as in England, or imposed by statute, as in this country. *Rust v. Low & another,* 6 Mass. 90; 1 Vent. 265.

In 74 E. C. L. 160, is the case of *Ricketts v. East and West India Docks, &c. Company,* where the defendants, a railway company, were by statute required to maintain a fence, for separating the lands taken for the road from the adjoining lands not taken, and protecting such lands of the owner or occupier from

cattle straying thereout, the cattle of the plaintiff crossed from his own close into one adjoining the railroad, and thence, through defect of the defendant's fence, upon the railroad, and were killed. The plaintiff alleged the neglect to maintain the fence by the defendants, whereby the cattle passed upon the track of the railroad. The court held, that though as against the adjoining owners of the land the company were obliged to maintain a fence, no such duty was imposed upon them towards the plaintiff, who was not an adjoining owner or occupier, and that he had no right to recover for the loss of his cattle.

The proof in the cause, as given by the plaintiff was, that he, the plaintiff, was not, at the time the injury happened, either at the place where the railroad crossed the public highway on the same level, nor upon the highway which was so crossed by the railroad, but at a very considerable distance from any such highway, and upon the track of the railroad. The judge before whom the cause was tried, upon this state of the evidence, charged the jury that if they were satisfied, as the fair result of the whole testimony, that the defendants neglected to ring the bell as alleged in the declaration, and that in consequence of such neglect the plaintiff was injured, they should find a verdict in his favor, without reference to the place where he was, and without reference to the question, whether he was, or was not, lawfully there. In effect, he instructed the jury that they need not regard the fact that the plaintiff was not upon the highway, or at the crossing referred to. This direction to the jury assumes, that the duty imposed upon the defendants of ringing the bell of the locomotive engine the whole distance of eighty rods from the place of crossing on the same level, was due from the defendants alike to all persons, and not merely to those who had occasion to travel upon the public highway, and the jury must have understood from the charge that such was the law of the case.

Whether this instruction was, or was not erroneous, depends upon the construction to be given to the statute. If the thing enacted here, viz., the ringing of the bell, was enacted for the benefit of persons in the position of the plaintiff, then the in-

structions were correct. If, on the other hand, it was enacted for the benefit of those only who were travellers, and had occasion to pass upon the highway, and crossed it at grade, then was the instruction erroneous.

Now in looking at the provisions of this statute, we think the purpose and object of them are reasonably clear. The act does not require the bell to be rung at or near the approach to any place where any private passway crosses the railroad, nor near any place where the railroad crosses even a public highway above or below the level of such highway, but only near highways or turnpikes which the railroad crosses on the same level, and where only there would be danger of a collision of the train with individuals, or their horses, carriages, or teams. The bell is required to be rung for the distance of eighty rods before coming to such crossings. From the usual speed with which trains move, the time between the first signal from the bell, till the engine would cross the public highway, would be barely sufficient for reasonable notice to persons approaching such crossing, — from thirty to forty-six seconds. It is quite evident that it could not have been intended to warn people elsewhere. At such places it was necessary to give notice to travellers approaching the place of crossing, and before they were upon the track, that they should not venture there while the train was approaching; and the bell was required to be sounded that they might have such notice. But the other provision of the act contained in section 4 is still more positive. The sign is to be placed at the highway, and at the place of crossing. It is to be in large letters, so as to be most likely to attract the attention of a passing traveller, and which he could not well fail to see. It is provided that it shall be placed so high as not to obstruct travel, and at such height as to be easily seen by travellers, that is, by travellers on the public highway. This language could not have been used with any propriety unless the notice required had been intended for the benefit of such travellers; and other language would have been used, if the act had been designed for the benefit of persons upon the track of the railroad at other places than the crossing of such highway.

We are all of opinion that this enactment was not for the benefit of persons in the situation of the plaintiff, and that the direction given to the jury was, in this regard, erroneous; and for that cause the verdict rendered for the plaintiff must be set aside.

The conclusion to which we have come upon this point renders it unnecessary to consider the other ground upon which a new trial is asked, viz.: that the verdict is against the evidence in the cause.

A new trial in this case could be of no service to either party. The plaintiff counts upon the neglect of a duty prescribed by statute, and upon that alone ; and that duty not being enacted for his benefit, he cannot claim damages for the neglect of it, and can have no right to recover against the defendant; and for this cause,

*Judgment, notwithstanding the verdict, must be for the defendants for their costs.*